**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND (Providence)**

| In Re: | Case Number 1:17-bk-10759 |
| Charles S. Phelps, Jr. | Chapter 13 |

**MOTION OF HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR PHH ALTERNATIVE MORTGAGE TRUST, SERIES 2007-3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3 FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO 11 U.S.C. SECTION 1301(c) AND FOR LEAVE TO FORECLOSE MORTGAGE**

HSBC Bank USA, National Association as Trustee for PHH Alternative Mortgage Trust, Series 2007-3 Mortgage Pass-Through Certificates Series 2007-3 (hereinafter referred to as the "Movant"), a secured creditor, hereby moves this Court for Relief from the Co-Debtor Stay pursuant to 11 U.S.C. Section 1301(c) and for leave to foreclose a certain mortgage encumbering the property owned by the Debtor and by the Co-Debtor, Thomas Wotherspoon, known as *132 Carolina Nooseneck Road, Richmond, RI 02898*. In support of this Motion, Movant states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code (the "Bankruptcy Code"). This proceeding is a "core" proceeding as this term is defined in the Code.

2. On May 9, 2017, Charles S. Phelps, Jr. (a/k/a Charles Phelps) (hereinafter referred to as the "Debtor") filed a voluntary Chapter 13 Petition in Bankruptcy. The Plan was confirmed on September 8, 2017.

3. Movant is the current holder of a certain mortgage given by the Debtor and by Thomas Wotherspoon (hereinafter referred to as the "Co-Debtor") to Greenwood Credit Union in the original principal amount of $269,600.00 dated April 30, 2007 and recorded with the Town of Richmond Land Evidence Records in Book 236, Page 762 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit A.

4. The Mortgage secures a promissory note of even date and original principal amount given by the Debtor to Greenwood Credit Union (the "Note") of which Movant is the current holder. A copy of the Note is attached hereto as Exhibit B.

5. Greenwood Credit Union assigned the Mortgage to PHH Mortgage Corporation by assignment dated May 3, 2007 and recorded with the Town of Richmond Land Evidence Records in Book 242, Page 536, a copy of which is attached hereto as Exhibit C. PHH Mortgage Corporation, in turn, assigned the Mortgage to HSBC Bank USA, National Association as Trustee for PHH Alternative Trust, Series 2007-3

by assignment dated June 26, 2012 and recorded with the Town of Richmond Land Evidence Records in Book 277, Page 111, a copy of which is attached hereto as Exhibit D. A corrective assignment from PHH Mortgage Corporation to HSBC Bank USA, National Association as Trustee for PHH Alternative Mortgage Trust, Series 2007-3 dated January 5, 2016 was recorded with the Town of Richmond Land Evidence Records in Book 301, Page 870, a copy of which is attached hereto as Exhibit E. An additional corrective assignment from Greenwood Credit Union to PHH Mortgage Corporation dated May 20, 2016 was recorded with the Town of Richmond Land Evidence Records in Book 307, Page 364, a copy of which is attached hereto as Exhibit F.

6. The Mortgage encumbers real property known as *132 Carolina Nooseneck Road, Richmond, RI 02898* (hereinafter referred to as the "Property"). Copies of the Mortgage and Note are attached hereto as Exhibits "A" and "B" respectively. The Mortgage is in first lien position. Aside from the Property, there is no other collateral securing the Debtor's obligation to Movant.

7. The Debtor and Co-Debtor have defaulted on the Note and Mortgage by failing to make post-petition payments to Movant.

8. As of December 28, 2020, the balance due Movant on the Note was approximately $280,590.37 (may not include negative escrow balances or recent escrow advances). The full amount of the Movant's claim together with allowable post-petition interest, reasonable attorney fees, court costs, and other recoverable expenses is secured by the Mortgage.

9. According to the Debtor's Schedules, the fair market value of the Property is $273,100.00. Accepting the Debtor's valuation for purposes of this motion only, the liquidation value of the Property is $257,688.74 based upon a usual and customary broker's commission of $13,655.00 (5% of stated fair market value), deed stamps of $1,256.26, and $500.00 in miscellaneous estimated closing costs.

10. As of December 28, 2020, Movant has not received any post-petition mortgage payments from either the Debtor or the Co-Debtor since the lump-sum payments of $10,000.00 (received on July 23, 2018) and $13,050.89 (received on August 2, 2018) that were made pursuant to the prior Consent Order filed on July 13, 2018 (Doc. No. 44). The current monthly payment is $2,495.37, subject to such subsequent adjustment as may be specified in the Note.

11. As of December 28, 2020, Debtor and Co-Debtor owed Movant a total post-petition arrearage of $73,449.29 calculated as follows:

- 12 monthly payments (08/01/18 - 07/01/19) at $2,506.12/mo.     $30,073.44
- 12 monthly payments (08/01/19 - 07/01/20) at $2,471.75/mo.     $29,661.00
- 5 monthly payments (08/01/20 - 12/01/20) at $2,495.37/mo.      $12,476.85
- Motion Fees and Costs                                          $1,238.00
  _____

  **Total Post-Petition Arrearage**        **$73,449.29**

12. The pre-petition arrearage owed to the Movant as of the filing date of the petition was $28,819.56.

13. In addition to the Mortgage to Movant, there are outstanding liens on the Property as follows:

| Lien | Type | Amount | Book/Page |
|---|---|---|---|
| Movant | 1st Mortgage | $280,590.37 | 236/762 |
| Portfolio Recovery Assoc. | Execution | $5,670.37 | 249/589 |

The total of all liens on the Property is approximately $286,260.74.

14. Movant is entitled to relief from the Co-Debtor stay pursuant to 11 U.S.C. Section 1301(c) in that the Debtor's mortgage account with Movant is now twenty-nine (29) months delinquent post-petition.

15. **Within twenty (20) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

WHEREFORE, Movant requests that this Honorable Court:

(a) Grant Movant Relief from the Co-debtor Stay pursuant to 11 U.S.C. Section 1301(c), and for leave to Foreclose Mortgage, allowing Movant, its successors or assigns to foreclose said mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtor and/or the Co-Debtor, their heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property. Movant also seeks relief from the Co-Debtor Stay to pursue the Co-Debtor via such collection methods as are authorized by law for any deficiency that may result from Movant's foreclosure sale of the Property.

(b) Grant such other Relief as this Honorable Court may deem just.

Date: February 19, 2021

    Respectfully submitted,
    HSBC Bank USA, National Association as Trustee for
    PHH Alternative Mortgage Trust, Series 2007-3
    Mortgage Pass-Through Certificates Series 2007-3
    By its attorney,

    <u>/s/Paul G. Manning, Jr.</u>
    Paul G. Manning, Jr., Esquire
    RI# 7124
    Korde & Associates, P.C.
    900 Chelmsford Street, Suite 3102
    Lowell, MA 01851
    Tel: (978) 256-1500
    bankruptcy@kordeassociates.com

**PHH MORTGAGE**

PHH Mortgage Services  
1 Mortgage Way  Tel 877-688-7116  
Mt. Laurel NJ 08054  Fax 856-917-8003

**\*\*IMPORTANT NOTICE\*\***

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

* A copy of the payment history through the date the account was last less than 60 days past due.
* A copy of the note.
* If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.
* The name of the investor that holds the loan.
*

Requests for this information/documentation can be sent to us at the following address:

PHH Mortgage Services  
Mailstop SBRP  
PO Box 5469  
Mt. Laurel, NJ 08054

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.



PHH Mortgage Services

1 Mortgage Way                                                                                              Tel 877-688-7116

Mt. Laurel NJ 08054                                                                                       Fax 856-917-8003

####NOTIFICATION OF CONTACT INFORMATION####

PHH Mortgage Corporation, as mortgage loan servicer, has established a toll-free telephone number for inquiries related to bankruptcy loans.  The toll-free telephone number is 866-947-7729 and representatives can be reached on Monday-Friday between the hours of 8:30am-5:00pm eastern time.

Case number: 1:17-bk-10759
Debtor: Charles S. Phelps, Jr.

**Basis for asserting that HSBC Bank USA, National Association as Trustee for PHH Alternative Mortgage Trust, Series 2007-3 Mortgage Pass-Through Certificates Series 2007-3 has the right to foreclose**

PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for:
**HSBC Bank USA, National Association as Trustee for PHH Alternative Mortgage Trust, Series 2007-3 Mortgage Pass-Through Certificates Series 2007-3**
(hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because (check the applicable below):
___ Noteholder is the owner of the note.
_X_ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.
___ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent, has possession of the promissory note and will enforce the promissory note as transferee in possession.
___ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder is unable to find the promissory note and will seek to prove the promissory note through the filing of a lost note affidavit.
___ Noteholder is the successor trustee and transferee in possession of the security instrument for the referenced loan.